UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIAN ADREACE JAMES,

    Plaintiff,

v.                                                           Case No. 08-C-972

RICHARD R. SCHMIDT,

    Defendant.

**MEMORANDUM AND ORDER**

    Plaintiff Damian Andreace James, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Milwaukee County Jail.

    Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The plaintiff filed a certified copy of his prisoner trust account statement for the three-month period immediately preceding the filing of the complaint. The requirement of 28 U.S.C. § 1915(a)(2) is that a statement covering a six-month period is to be filed, but Plaintiff's intake date was July 25, 2008 and his statement runs from that date through October 28, 2008. He also filed the required affidavit of indigence. As his account balance as of October 28, 2008, was only ten cents, he lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this

2

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). It is also possible, however, for a plaintiff to plead himself out of court. "[A] party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir.2006).

That is what James has done here. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). James' claims that Deputy Inspector Richard R. Schmidt of the Milwaukee County Sheriff's Office, Detention Bureau, subjected him to cruel and unusual punishment in violation of the Eighth Amendment by directly or indirectly (1) having him placed in a restraint belt for "days on end" limiting motion of his upper arms; (2) requiring him to spend six-and-a-half days sleeping on concrete in a restraint belt; (3) having him placed in a suicide gown for improper reasons; and (4) providing him only cold meals three times a day. (Compl. at 4.)

Were there no legitimate reasons to subject him to these drastic measures, James may indeed have a claim against Deputy Inspector Schmidt for violations of his Eighth Amendment rights. But James goes on in his complaint to describe his own behavior that clearly led to and justified the treatment about which he now complains. James admits, for example, that he tore the head off the

sprinkler located in the different cells in which he was placed on three separate occasions. He attacked another inmate while he was serving him his dinner through the food slot in his cell. While being escorted back to his cell after an interview concerning that incident, he attempted to assault another inmate he claimed was antagonizing him. When the female guard attempted to stop him by directing him into the wall, he told her she was lucky she was a woman because, if a man had done that to him, he would have knocked him out. He also warned her if she did it again he would hit her. After a further interview concerning that incident, it took several deputies to place him back in his cell. (Petition, Sec. IV, A (continuation).)

James admits he threatened other guards, declaring that he was "now at war" and that all male staff who had "messed" with him were at risk. At one point, he posted a sign in the window of his cell that said: "I have chosen my target. I know who you are; do you? You will find out very soon." He also wrote a letter to the unit social worker stating: "We have selected three male corrections officers to brutally assault," and "my superiors have given me permission." He fashioned a spear and claimed to have three shanks. He directed several threats at Inspector Schmidt personally, telling Schmidt he would kill him and his family. James also threatened to kill himself and destroyed a mattress to make a noose. On at least two occasions, a Cell Extraction Removal Team was activated to forcibly remove him from his cell. (*Id.*)

In the face of these allegations or, more accurately, admissions regarding his own conduct, James' contention that Deputy Inspector Schmidt lacked legitimate penological reasons for having him placed in restraints, taking away his mattress, placing him in a suicide gown, and giving him a bag lunch, instead of the normal hot fare the general population enjoyed, cannot stand. James' own allegations belie the assertion underlying his Eighth Amendment claim that Deputy Schmidt
4

subjected him to "wanton and unnecessary" pain. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). There is no allegation that he was stripped of all clothing, subjected to cold temperatures, or deprived of basic needs. Compare *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Moreover, based on his own account, restraints were removed, though perhaps not immediately, when his violent and threatening behavior ceased.

The only suggestion of cruelty is the allegation that the restraints were too tight. But Deputy Inspector Schmidt, the only named defendant, is alleged only to have ordered restraints; he is not the one that placed the restraints on James. As for James' complaint that he was given only bag lunches after he attacked two inmates assigned to food service and fashioned weapons out of objects to which he had access, there is no suggestion that the food was not sufficiently nutritious to meet his needs. By his own account, the bag lunches consisted of two bologna sandwiches, two cookies and a fruit. While one can quickly grow tired of such a meal, it does not constitute cruel and unusual punishment. The Eighth Amendment does not provide a guarantee of hot meals. *See Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.") (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)); *see also Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981) (complaint that food served to inmates in segregation was cold and not from the menu of food for the general prison population, without any allegation that the level of nourishment was insufficient to maintain physical well-being, failed to state a claim under the Eighth Amendment).

Because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

5

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the jail administrator at the Milwaukee County Jail or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated this   30th   day of December, 2008.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge